# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

**Federal Insurance Company,**

        **Plaintiff,**

v.

**Mazer Corporation,**

        **Defendant.**

Case No. 3:08-cv-0374

Judge Thomas M. Rose

---

**ENTRY AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS OR STAY PROCEEDINGS IN FAVOR OF FIRST-FILED STATE COURT ACTION,** (DOC. 7)**, ORDERING CLERK TO DISMISS CASE WITHOUT PREJUDICE**.

---

Pending before this Court is a motion filed by Defendant Mazer Corporation ("Mazer") entitled "Defendant Mazer Corporation's Motion to Dismiss or Stay Proceedings in Favor of First-Filed State Court Action." Doc. 7. Plaintiff Federal Insurance Company ("Federal") has opposed the motion. Doc. 12. Movant has filed a reply. Doc. 14.

The instant case stems from a dispute between Mazer and Federal over insurance policies purchased by Mazer from Federal. Mazer filed a complaint against Federal in Indiana state court on October 7, 2008. In that action, Mazer requested a declaratory judgment regarding an alleged breach of contract and insurance policy interpretations in its favor. Federal responded by commencing a declaratory judgment action in this Court on October 14, 2008 regarding the same policies. The Indiana state court action is still pending.

**I.**       **Background**

Federal is a domestic insurance corporation incorporated in Indiana with its principal place of business in Indianapolis, Indiana. Mazer is a corporation for profit incorporated in Ohio with its principal place of business in Dayton, Ohio. Mazer operated a production facility in Scottsburg, Indiana from approximately 1976 to 1990. Indiana Complaint at ¶ 17. In 1990, Mazer ceased all active operations at the Scottsburg site. *Id.* During active operations and beyond, Federal issued both primary and umbrella insurance policies to Mazer from 1979 until 1986, and from 1997 until 2007,  Complaint at ¶ ¶ 9, 10.

The soil and groundwater in the area of the Scottsburg, Indiana site are alleged to have become contaminated. Indiana Complaint at ¶ 18. Mazer is working with the Indiana Department of Environmental Management ("IDEM") to investigate and address the contamination at the site. *Id*. at ¶ 20. Mazer has incurred costs to IDEM and expects more costs to accrue. *Id*. at ¶ 21.

On October 7, 2008, Mazer filed suit against Federal in the Marion County Superior Court in Indiana. Cause No. 49F12-08-10-PL-045491. Mazer alleged breach of contract and asked the court for declaratory relief finding that Federal has breached the policy contract, and also a finding that Federal has a duty to defend and indemnify Mazer with regards to Mazer's dealings with the IDEM. On October 14, 2008, Federal filed a complaint against Mazer in this Court under the Declaratory Judgment Act, 28 U.S.C. § 2201(a). Doc. 2. Federal asked this Court to declare that the insurance polices contained pollution exclusions and furthermore that Mazer was not covered by the policies due to certain actions and inactions by Mazer. Mazer responded to the complaint with a Motion to Dismiss or Stay Proceedings in Favor of First-Filed State Court Action. Doc. 7. Federal responded with a memorandum in opposition. Doc. 12.

Mazer responded with a memorandum in favor of the motion. Doc. 14.

**II.     Analysis**

It is settled law, and neither party disputes, that the exercise of jurisdiction of the Declaratory Judgment Act is not mandatory. The Supreme Court has stated that the act creates an opportunity, as opposed to a duty. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995). The Sixth Circuit has instructed district courts to consider five factors when faced with the issue:

1)   Whether the declaratory action would settle the controversy:
2)   Whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue;
3)   Whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a face for res judicata;"
4)   Whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction;
5)   Whether there is an alternative remedy which is better or more effective.

*Grand Truck Western R.R. v. Consol. Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984).

Both parties have presented the *Grand Truck* factors out of order in their respective briefs, therefore this Court will respond in accordance with the parties' order.

**A.     Procedural Fencing**

The third factor is considered to prevent declaratory plaintiffs from filing suit weeks or days before a coercive suit is filed by a "natural plaintiff." *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 556-57 (6th Cir. 2008). The Sixth Circuit has stated that courts take a "dim view" for declaratory plaintiffs who do so in attempts to achieve a favorable forum. *AmSouth Bank v. Dale*, 386 F.3d 763, 788 (6th Cir. 2004). No real value is served by a declaratory judgment when a plaintiff's reason for suit is to protect him from a subsequent coercive suit. *Id*.

Here, Federal did not file this action in anticipation of a future dispute, rather Federal

filed this action after the Indiana state action had already commenced. Federal had, and still has, the opportunity to respond to Mazer's allegations in the Indiana state action. Instead, Federal chose to respond by filing an action in federal court of a different state. It seems apparent that Federal has attempted to forum shop and would prefer to be in this Court as opposed to Indiana state court. Finally, Federal's sole defense to the allegation of forum shopping is that Mazer committed forum shopping by asking an Indiana state court for declaratory relief first. While that may be true, it is not a factor that this Court must evaluate in determining whether or not Federal has forum shopped. The Sixth Circuit seems clear in its directions that district courts should dismiss suits with factual backgrounds as found here.

**B.      Friction between State and Federal Courts**

The Sixth Circuit has instructed the district courts to consider three factors when the use of a declaratory action could increase friction between our federal and state courts and improperly encroach upon state jurisdiction:

1)      Whether the underlying factual issues are important to an informed resolution of the case;
2)      Whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and
3)      Whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common law or statutory law dictates a resolution of the declaratory judgment action.

*Scottsdale Ins. Co. v. Roumph*, 211 F3.d 964, 968 (6th Cir. 2000).

The first of these sub-factors focuses on whether the state court's resolution of the factual issues in the case is necessary for the district court's resolution of the declaratory judgment action. *Flowers*, 513 F.3d at 560. Additionally, the exercise of jurisdiction would be improper when the possibility arises that resolution of the issues raised in federal court would require

making factual findings that might conflict with similar findings made by the state court. *Id.* Here, Federal has asked this Court to declare that Mazer provided late notice to Federal and made voluntary payments to the IDEM. These factual findings requested by Federal give rise to the possibility of a conflict between the Indiana state action and this action. It would be imprudent for this Court to state a factual determination that another court is currently in the process of resolving. Therefore, this sub-factor leans in favor of dismissing the action.

The second sub-factor focuses on which court, federal or state, is in a better position to resolve the issues in the declaratory action. *Id.* Generally, state courts are in a better position to evaluate novel questions of state law. *Id.* Conversely, this consideration typically has less force when the state law is clear and when the state court is not considering the issues. *Id.* Here, the issue before this Court is not a novel question of state law, be it Indiana or Ohio law. However, the Indiana state court is considering the exact same issue before this Court. Taken together, it appears that this sub-factor is not definitive for either Federal nor Mazer.

The final sub-factor focuses on whether the issue in the federal action implicates important state policies and is, thus, more appropriately considered in state court. The Sixth Circuit recently reiterated its view that state courts are the better forum for interpreting insurance law. *Travelers Indem. Co. v. Bowling Green Professional Assocs.*, 495 F.3d 266, 273 (6th Cir. 2007). Furthermore, a state forum is preferable when federal law does not come into play. *Id.* Here, the main issue in the dispute is over insurance contract interpretation. Whether the dispute is interpreted under Indiana or Ohio law, a state forum is preferred. Additionally, federal law does not come into play in this dispute. Therefore, this sub-factor leans in favor of dismissing the action.

## C. Settling the Controversy and Providing a Useful Purpose in Clarifying the Legal Relations in Issue.

The first two factors are often considered simultaneously due to the relationship they have to each other. *Travelers,* 495 F.3d at 271-72; *Flowers*, 513 F.3d at 556-57. If a declaratory judgment will settle the controversy, then it will almost always clarify the legal relations in issue. *Flowers*, 513 F.3d at 557. Furthermore, the Sixth Circuit has indicated that district courts should consider: whether the issue was already being considered in state court; whether the parties were the same in state and federal court; whether parties in the state action would be bound by the federal court action to which they were not a part; whether the issue was one being developed by state court discovery, and whether the scope of coverage or obligation to defend was before the state court. *Id*. at 555-56.

Here, the factual background leads to a conclusion that a declaratory judgment would not settle the controversy nor provide a useful purpose in clarifying the legal relations in issue. The issue of coverage was previously and is currently being considered in state court. The parties are both part of the state and federal actions. The issues are being developed by state discovery. Finally, the scope of coverage and obligation to defend are the main issues in the state action. These underlying facts lead this Court to believe that a declaratory judgment would not settle the controversy nor provide a useful purpose in clarifying any legal relations at issue.

## D. Alternative Remedy

The final factor from *Grand Truck* states that district courts should "deny declaratory relief if an alternative remedy is better or more effective." 746 F.2d at 326. Prior to this action, an alternative remedy did, and still does, exist in Indiana state court. However, both parties have disputed as to which forum is a better remedy. Mazer has amended its original complaint in Indiana to include additional insurance carriers in order to create a more comprehensive action and argues that this makes the state action more effective. However, Federal argues that the chance that an Indiana state court may have to interpret Ohio law, and apparently would do so in a prejudicial way to Federal, makes this Court the more effective forum. This Court views the state action to be a more comprehensive and better remedy, and does not doubt the ability of Indiana state courts to interpret the law fairly to both parties.

### III. Conclusion

This Court, by its discretion under the Declaratory Judgment Act, finds that the Indiana state court action is the better forum for this insurance contract interpretation dispute, in part, because the state action was filed first, is more comprehensive, and because a declaratory judgment here could cause a conflict with the factual determinations by the state court. Therefore, Defendant's Motion to Dismiss is **GRANTED**. Defendant's Motion to Stay is **MOOT**. The Clerk is **ORDERED** to **DISMISS** the complaint **WITHOUT PREJUDICE** and terminate the instant case from the dockets of The United States District Court for the Southern District of Ohio, Western Division at Dayton.

**DONE** and **ORDERED** in Dayton, Ohio, this March 11, 2009.